***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted January 11, affirmed February 8, 2023

John MARICK,
*Petitioner,*

*v.*

CITY OF LAKE OSWEGO,
Jennifer Biege-Carroll,
and Shane Carroll,
*Respondents.*

Land Use Board of Appeals
2022031, 2022032; A180040

Wendie L. Kellington argued the cause for petitioner. Also on the brief was Kellington Law Group PC.

Steven P. Hultberg argued the cause for respondents Jennifer Biege-Carroll and Shane Carroll. Also on the brief were Christen C. White and Radler White Parks & Alexander LLP.

Evan P. Boone filed the brief for respondent City of Lake Oswego.

Before Ortega, Presiding Judge, and Lagesen, Chief Judge, and Powers, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioners seek judicial review of a final order of the Land Use Board of Appeals (LUBA) under ORS 197.850. In that order, LUBA transferred petitioners' appeals of (1) a building permit planning checklist and (2) a revised building permit approval to the circuit court under ORS 34.102(2) and OAR 661-010-0075(9). The planning checklist and revised permit approval were based on the decisions made by respondent City of Lake Oswego that are at issue in *Marick v. City of Lake Oswego*, 324 Or App 178 (2023) (nonprecedential memorandum opinion) (*Marick I*), decided today. LUBA issued the transfer order after concluding that the checklist and revised permit approval were ministerial decisions and, consequently, excluded from LUBA's jurisdiction by virtue of ORS 197.015(10)(b)(B). Before us, petitioners assert that LUBA erred in concluding that the checklist and revised permit approval were ministerial, but we agree with respondents and LUBA that those arguments are more appropriately directed at the decisions at issue in *Marick I*. Further, we agree with LUBA and respondents that the checklist and revised permit approval fall within the exception to LUBA's jurisdiction in ORS 197.015(10)(b)(B) for decisions that "approve[ ] or den[y] a building permit issued under clear and objective land use standards." We therefore affirm.

Affirmed.