*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Argued and submitted January 11, affirmed February 8, 2023

John MARICK,
*Petitioner,*

*v.*

CITY OF LAKE OSWEGO,
Jennifer Biege-Carroll,
and Shane Carroll,
*Respondents.*

Land Use Board of Appeals
2022016, 2022017, 2022028,
2022040, 2022043; A180039

Wendie L. Kellington argued the cause for petitioner. Also on the brief was Kellington Law Group PC.

Christen C. White argued the cause for respondents Jennifer Biege-Carroll and Shane Carroll. Also on the brief were Steven P. Hultberg and Radler White Parks & Alexander LLP.

Evan P. Boone filed the brief for respondent City of Lake Oswego.

Before Ortega, Presiding Judge, and Lagesen, Chief Judge, and Powers, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioners seek judicial review of a final order of the Land Use Board of Appeals (LUBA) under ORS 197.850. In the order on review, LUBA affirmed five decisions by respondent City of Lake Oswego pertaining to a request by intervenors-respondents to reconstruct the nonconforming north and south walls of their home when, in the course of an extensive remodel, it was discovered that those walls were not structurally sound due to deterioration. Given petitioners' arguments on appeal—which contend that LUBA's order misinterpreted city code and statutory provisions and misapplied the substantial-evidence standard—our review is to determine whether LUBA's order is "unlawful in substance." ORS 197.850(9); *Younger v. City of Portland*, 305 Or 346, 358-59, 752 P2d 262 (1988) (judicial review of LUBA's application of the substantial-evidence standard of review is limited to determining whether LUBA's application reflects a legally erroneous understanding of the standard). Having considered LUBA's detailed order and the parties' arguments, we are not persuaded that LUBA's decision rests on an erroneous interpretation of the identified provisions of the city code or identified statutory provisions.

One of petitioners' arguments does not so much challenge LUBA's interpretation of the law but, instead, rests on the predicate that LUBA misunderstood the scope of the city's decision. Petitioners argue that LUBA erred in affirming the city's decisions because, in petitioners' view, the city's decision authorized intervenors-respondents to reconstruct the north wall in a manner that effectively trespasses on petitioners' property. On that point, having reviewed the record, we agree with LUBA's approach to the matter. LUBA interpreted the city's decisions to authorize intervenors-respondents to rebuild the damaged walls in a way that "conform[ed] to the placement of the original side walls. The city did not approve a wall or footing location closer to the property line, or an increase in nonconformity with respect to the north and south walls." We agree with that interpretation of the city's decisions. That means, as LUBA concluded, "If the north wall, as constructed, is in fact closer to the property line than the original wall, that

is potentially an enforcement issue, but it is not a basis for reversal or remand of the city decisions challenged on appeal."

The same is true with respect to petitioners' arguments that the north wall footing and/or the fill supporting that footing has in fact encroached on petitioners' property. If, in fact, respondents-intervenors have constructed the footing or fill in a manner that does not comply with the scope of the city's approval and, in fact, either increased the nonconformity of the wall or resulted in an encroachment on petitioners' property, then petitioners may have enforcement or tort remedies. But, as LUBA concluded, any such increase in nonconformity or encroachment does not supply a basis for setting aside the city's decisions.

Affirmed.